## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) CLARENDON NATIONAL INSURANCE COMPANY, a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>(1) BILL FLANAGAN, d/b/a FLANAGAN QUALITY HOMES, an Individual;<br>(2) FLANAGAN QUALITY HOMES, LLC, an Oklahoma Limited Liability Company;<br>(3) ROBERT LOOMIS, an Individual; and<br>(4) PAMELA LOOMIS, an Individual, and<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.  18-cv-288-SPS |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, the Plaintiff, Clarendon National Insurance Company (hereinafter "Clarendon"), pursuant to 28 U.S.C. §§1332 & 2201, and requests this Court enter a judgment declaring its rights and obligations under a specific Commercial Package Policy, providing Commercial General Liability Insurance, and issued to the Defendant, Bill Flanagan, d/b/a Flanagan Quality Homes (hereinafter "Flanagan"), with respect to an action currently pending against Flanagan in the District Court of Love County, State of Oklahoma, originally commenced by the Defendants, Robert Loomis and Pamela Loomis (hereinafter "Loomis"). Clarendon requests this Court to enter judgment in its favor and against the Defendants, Flanagan and Loomis, holding that the Policy issued to Flanagan does not provide coverage for the claims alleged against him by Loomis, that Clarendon has no duty to defend Flanagan in that action and that Clarendon has no duty to indemnify Flanagan for any liability which he may

incur by reason of those proceedings. In support of this Complaint for Declaratory Judgment, Clarendon states and alleges:

## I. PARTIES

1. Clarendon is a corporation incorporated under the laws of the State of Illinois with its principal place of business in the State of New York.

2. Clarendon is the successor-in-interest by way of merger to Sussex Insurance Company, formerly known as Companion Property & Casualty Insurance Company.

3. The Defendant, Bill Flanagan, d/b/a Flanagan Quality Homes, is a citizen of Oklahoma and a resident of Carter County, Oklahoma.

4. The Defendant, Flanagan Quality Homes, LLC, is an Oklahoma Limited Liability Company, with its principal place of business in Carter County, Oklahoma.

5. The Defendant, Robert Loomis, is a citizen of the State of Oklahoma and a resident of Love County, Oklahoma.

6. The Defendant, Pamela Loomis, is a citizen of the State of Oklahoma and a resident of Love County, Oklahoma.

## II. JURISDICTION

7. Complete diversity exists between Clarendon, a corporation incorporated in Illinois, with its principal place of business in New York, and the Defendants, all of whom are citizens and residents of the State of Oklahoma, as required by 28 U.S.C. §1332(A).

8. Clarendon seeks a declaration regarding its rights and obligations under Commercial Package Policy No. OKJGL 109484, issued to Flanagan by Companion, which provided maximum liability limits of One Million Dollars ($1,000,000.00), for each occurrence,

and Two Million Dollars ($2,000,000.00) aggregate limits (hereinafter "the Companion Policy" or simply, "the Policy").  Exhibit 1, Companion Policy, Declarations.

9. On March 19, 2018, the Loomis Defendants commenced an action in the District Court of Love County, State of Oklahoma, in which they seek recovery from Flanagan "for actual damages in an amount in excess of $75,000 plus interests, costs, attorney fees, and all other relief the Court deems [them] to be entitled."  Exhibit 2, Petition, *Robert and Pamela Loomis, Plaintiffs, v. Good Electrical Services, Inc., and Flanagan Quality Homes, LLC*, District Court of Love County, State of Oklahoma, Case No. CJ-2018-11, p. 4 (hereinafter "*Loomis v. Flanagan*").

10. The matter in controversy in this action exceeds the sum or value of seventy-five thousand dollars ($75,000.00), as required by 28 U.S.C. §1332(a).

### III. VENUE

11. Clarendon seeks a declaration of its rights and obligations under the Policy issued by Companion to Flanagan, as Named Insured, a resident of Carter County, Oklahoma, which is also the principal place of business of Flanagan Quality Homes, LLC.

12. The Loomis Defendants are residents of Love County, State of Oklahoma.

13. Clarendon seeks a declaration of its rights and obligations under the Companion Policy with respect to *Loomis v. Flanagan*, an action pending in the District Court of Love County, State of Oklahoma.

14. The events giving rise to the claim asserted in *Loomis v. Flanagan*, occurred in Love County, State of Oklahoma.

15. Both Love County and Carter County, State of Oklahoma, are among the counties comprising the United States District Court for the Eastern District of Oklahoma. 28 U.S.C. §116(b).

16. Venue is appropriate in this Court because it is "a judicial district in which a substantial part of the events or omissions giving rise to the event occurred . . . ." 28 U.S.C. §1391(a)(2).

## IV.   THE COMPANION POLICY

17. Companion issued a Commercial Package Policy No. OKJGL 109484, to Bill Flanagan, d/b/a Flanagan Quality Homes, as Named Insured. Exhibit 1, Companion Policy, Declarations, p. 1.

18. The Companion Policy had a period extending from September 11, 2012 through September 11, 2013. Exhibit 1, Companion Policy, Declarations, pp. 2-4.

19. The Companion Policy was not renewed or extended to provide coverage for any period of time after September 11, 2013.

20. The Companion Policy provided Commercial General Liability Coverage. Exhibit 1, Companion Policy, Declarations, p. 1; CGL Form.

21. The Companion Policy had Limits of Insurance in the following amounts:

General Aggregate Limit
(Other Than Products Completed Operations)
    2,000,000.00

Products – Completed Operations Aggregate Limit
    2,000,000.00

Each Occurrence Limit
    1,000,000.00

Personal & Advertising Injury Limit
    1,000,000.00

>Fire Damage Limit, Any One Fire
>   100,000.00
>
>Medical Expense Limit
>   5,000.00

Exhibit 1, Companion Policy, Declarations, Limits of Insurance, p. 4.

22.   The Limits of Liability in the Companion Policy are subject to a $1,000 "per claim" deductible for "bodily injury, liability and/or property damage liability combined" which "applies as follows":

>Under Bodily Injury Liability and/or Property Damage Liability Coverage combined, to all damages sustained by any one person because of:
>
>(1) "Bodily Injury;
>(2) "Property Damage"; or
>(3) "Bodily Injury" and "Property Damage" combined
>
>as a result of any one "occurrence."

Exhibit 1, Companion Policy, Deductible Liability Insurance Endorsement, ¶B(1)(c), p. 1.

23.   The Insuring Agreement for the Commercial General Liability Coverage provided by the Companion Policy states:

>We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

Exhibit 1, Companion Policy, CGL Form, Section I – Coverages, Coverage A, Bodily Injury & Property Damage Liability, Subsection 1, Insuring Agreement, Paragraph a, p. 1.

24.   The Insuring Agreement for the Commercial General Liability Coverage provided by the Companion Policy further states:

5

> This insurance applies to "bodily injury" and "property damage" only if:
>
>> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>>
>> (2) The "bodily injury" or "property damage" occurs during the policy period; . . .

Exhibit 1, Companion Policy, CGL Form, Section I – Coverages, Coverage A, Bodily Injury & Property Damage Liability, Subsection 1, Insuring Agreement, Paragraph 1b, p. 1.

25. The Companion Policy defines the meaning of certain terms, including the following:

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> . . . .
>
> "Property damage" means:
>
>> a. Physical injury to tangible property, including all resulting use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it . . . .
>
> . . . .
>
> "Your work":
>
>> a. Means:
>>
>>> (1) Work or operations performed by you or on your behalf; and
>>>
>>> (2) Materials, parts or equipment furnished in connection with such work or operations.

Exhibit 1, Companion Policy, CGL Form, §V – Definitions, ¶¶13, 17 & 22, pp. 14-16.

## V.        THE *LOOMIS V. FLANAGAN* ACTION

26.    The claims in *Loomis v. Flanagan* are based upon a fire occurring June 8, 2017, which destroyed a house owned by Loomis and located in Love County, Oklahoma.  Exhibit 2, Petition, *Loomis v. Flanagan*, ¶1 & 9, pp. 1, 2.

27.    Loomis alleges that, pursuant to a contract, Flanagan constructed their house and that a subcontractor of Flanagan installed the electrical system and components of the house. Exhibit 2, Petition, *Loomis v. Flanagan*, ¶¶6-9, p. 2.

28.    In *Loomis v. Flanagan*, Loomis asserts claims against Flanagan for negligence, negligence *res ipsa loquitor*, breach of contract, and breach of warranty.  Exhibit 2, Petition, *Loomis v. Flanagan*, ¶¶11-23, pp. 2-4.

## VI.    APPLICATION OF THE COMPANION POLICY TO *LOOMIS V. FLANAGAN*

29.    The claim in *Loomis v. Flanagan* is based upon a fire occurring June 8, 2017, approximately three years, eight months, sixteen days after the Companion Policy expired under its own terms, on September 13, 2013.

30.    The claim in *Loomis v. Flanagan* is not based upon property damage which occurred during the period of the Companion Policy, as required by the Insuring Agreement.

31.    The claim asserted in *Loomis v. Flanagan* does not fall within the terms of the Insuring Agreement of the Companion Policy.

32.    Clarendon has no duty to indemnify Flanagan for any liability which may be imposed upon it by reason of the allegations in *Loomis v. Flanagan.*

33.    Clarendon has no duty to defend Flanagan against he claims asserted in *Loomis v. Flanagan*.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, the Plaintiff, Clarendon National Insurance Company, prays the Court to enter a declaration pursuant to 28 U.S.C. §2201, holding, adjudging and decreeing that the Commercial Package Policy No. OKJGL 109484, issued by Companion Property & Casualty Insurance Company to Bill Flanagan d/b/a Flanagan Quality Homes, does not provide coverage for any of the claims asserted by the Defendants, Robert Loomis and Pamela Loomis against the Defendant, Flanagan Quality Homes, LLC, and that the Defendant, Clarendon National Insurance Company has no duty to indemnify the Defendant Bill Flanagan d/b/a Flanagan Quality Homes, or the Defendant Flanagan Quality Homes, LLC, in an action currently pending in the District Court of Love County, State of Oklahoma, bearing the style of Robert & Pamela Loomis, Plaintiffs, v. Good Electrical Services, Inc., and Flanagan Quality Homes, LLC, Defendants, and bearing docket number CJ-2018-11, of that Court. The Plaintiff, Clarendon National Insurance Company further prays that it be awarded its costs and attorney fees in pursuit of this matter, and such other relief as this Court may deem just and proper.

Respectfully submitted,

**SECREST HILL BUTLER & SECREST**

s/ Edward J. Main
JAMES K. SECREST, II, OBA #8049
EDWARD J. MAIN, OBA #11912
7134 South Yale Ave., Suite 900
Tulsa, OK 74136-6360
(918) 494-5905 Telephone
(918) 494-2847 Facsimile
jsecrest@secresthill.com
emain@secresthill.com
ATTORNEYS FOR PLAINTIFF

117\18001\p\Complaint - Declaratory Judgment