**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) CLARENDON NATIONAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-16-34-M |
| (1) BILL FLANAGAN, d/b/a FLANAGAN QUALITY HOMES, an Individual; | ) ) ) | |
| (2) FLANAGAN QUALITY HOMES, LLC, an Oklahoma Limited Liability Company; | ) ) ) | |
| (3) ROBERT LOOMIS, an Individual; | ) | |
| (4) PAMELA LOOMIS, an Individual; | ) ) | |
| Defendants. | ) | |

**JOINT MOTION FOR EXTENSION OF SETTLEMENT CONFERENCE**

Plaintiff, Clarendon National Insurance Company, and Defendant, Robert and Pamela Loomis, (collectively "the Parties"[1]) hereby request a continuance of the Settlement Conference for approximately seventy (70) days, or until mid-September, 2019, pursuant to LCvR7.1(i). In support of this Request, the Parties states as follows:

1) A Settlement Conference is currently set for July 10, 2019, to commence at 9:30 a.m. Settlement Conference Order, Dkt. 18, January 9, 2019. The parties have not previously requested a continuance of the Settlement Conference.

---

[1] Flanagan Quality Homes and Flanagan Quality Homes, LLC (collectively "Flanagan") were served on November 29, 2018 and have not answered or otherwise responded to the complaint as of the date of this filing. [Docs. 12 & 13]

2) On March 19, 2018, Robert and Pamela Loomis ("Loomis") commenced the following case arising out of a fire that occurred on June 8, 2017, that resulted in the total loss of their home: *Robert and Pamela Loomis v. Craig Good Electric, Inc. and Flanagan Quality Homes, LLC*, District Court of Love County, State of Oklahoma, Case No. CJ-2018-11 ("State Case"). *See*, Petition, Dkt. 2-2.

3) Clarendon National Insurance Company ("Clarendon") issued a policy of insurance to Flanagan effective from September 11, 2012, through September 11, 2013. *See*, Companion Policy, Dkt. 2-1.

4) On August 28, 2018, the above-captioned case was filed by Clarendon to challenge the applicability of its insurance policy with respect to the June 8, 2017 fire. *Complaint*, Dkt. 2.

5) A Scheduling Order was entered in this case on January 8, 2019, one day prior to the date of the Settlement Conference Order. *Scheduling Order*, [Doc. 17].

6) A Scheduling Order was entered in the State Case on February 7, 2019, setting a September 15, 2019 discovery deadline, October 3, 2019, Pretrial Conference and ordered mediation before the Pretrial Conference. Exhibit 1, *Scheduling Order*, State Case.

7) The Parties jointly moved the Court in the above styled action for a ninety (90) day extension of the deadlines set in the original Scheduling Order of January 8, 2019. *Joint Motion for Extension of Deadlines*, Dkt. 22, May 6, 2019.

8) The Court in the above styled action entered an Amended Scheduling Order pursuant to the Parties' Motion, extending the existing deadlines by approximately eighty-four (84 days). *Amended Scheduling Order*, Dkt. 27, May 8, 2019.

9) In the Amended Scheduling Order entered in the above styled case, the Court stated:

> *The Settlement Conference currently scheduled for JULY 10, 2019, AT 9:30 A.M. before Magistrate Judge KIMBERLY E. WEST remains as scheduled. If the parties desire to reschedule the conference, they should file a motion for the Magistrate Judge's consideration.*

Amended Scheduling Order, Section B, Settlement, p. 2, Dkt. 27, May 8, 2019.

10) The Parties have coordinated discovery in the above-captioned case with the discovery conducted in the State Case in order to avoid duplication of efforts and expense. The Parties have engaged in written discovery and have deposed three of Loomis' expert witnesses and have inspected certain artifacts taken from the Loomis' home. Additional fact and expert witness depositions will be taken in the State Case, and in the above-styled action if discovery in the State Case does not address all issues in the above-styled action. Until discovery has been pursued, the Parties are unable to engage in meaningful Settlement Conference at the date and time provided by the current Settlement Conference Order.

11) Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, the Court may, for good cause shown, extend the time within which an act may or must be done <u>with or without motion or notice</u> if the Court acts, or if a request is made, before the original time or its extension expires. (Emphasis added).

12) Continuance of the currently scheduled Settlement Conference is not requested for the purpose of delay. The Parties believe that the coverage question at issue in the above-captioned case will ultimately be resolved through dispositive motions. A continuance of the Settlement Conference is requested to allow the Parties sufficient time to pursue discovery prior to entering into settlement discussions.

13) No previous continuance of the Settlement Conference has been requested or granted, although, as noted above, an extension of the Scheduling Order was requested and granted. The requested continuance of the Settlement Conference for approximately seventy (70) days, or until mid-September, will coordinate with the mediation as ordered in the state case.

WHEREFORE, Plaintiff, Clarendon National Insurance Company, and Defendants, Robert and Pamela Loomis, respectfully request the Magistrate Judge to grant a continuance of the Settlement Conference currently scheduled for July 10, 2019, for approximately seventy (70) or until mid-September, 2019.

Respectfully submitted,

s/ Edward J. Main
James K. Secrest, II, OBA # 8049
Edward J. Main, OBA # 11912
Secrest Hill Butler & Secrest
7134 South Yale Ave., Suite 900
Tulsa, OK 74136
Telephone:    (405) 494-5905
Facsimile:    (405) 494-2847
jsecrest@secresthill.com
emain@secresthill.com
***Attorneys for Plaintiff***

s/ Daniel C. Hays
Daniel C. Hays, OBA # 30101
Chansolme Harroz Hays Schnebel, P.L.L.C.
100 N. Broadway Avenue, Suite 1800
Oklahoma City, OK 73102
Telephone: (405) 602-8098
Facsimile: (405) 605-1371
dch@thefirmokc.com
*Attorney for Defendants,*
*Robert and Pamela Loomis*

5